CLOSED

[JUMP TO DOCKET TABLE](#)

# U.S. District Court
## District of Maryland (Baltimore)
## CRIMINAL DOCKET FOR CASE #: 1:24-cr-00273-GLR-1

Case title: USA v. Melton

Date Filed: 09/19/2024

Other court case number: 3:22cr00187MO1 USDC for the District of Oregon

Date Terminated: 09/19/2024

---

Assigned to: Chief Judge George Levi Russell, III

**DRI - 1:26-mj-10-PAS**

**Defendant (1)**

**Earl Melton**
*TERMINATED: 09/19/2024*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1349 CONSPIRACY TO COMMIT BANK FRAUD (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2024 | 1 | TRANSFER OF JURISDICTION for Supervision of Releasee Earl Melton. Received copies of indictment, judgment and docket sheet from USDC for the District of Oregon (Attachments: # 1 Indictment, # 2 Judgment, # 3 Docket Sheet) (ols, Deputy Clerk) (Entered: 09/20/2024) |
| 02/27/2026 | 2 | SEALED DOCUMENT (Attachments: # 1 SEALED) (ols, Deputy Clerk) (Entered: 02/27/2026) |

USA v. Melton ( 1:24-cr-00273-GLR )

AO 442 (Rev. 01/09, MD 6/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:24-cr-00273-GLR |
| | ) | |
| Earl Melton | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*          Earl Melton                                                                                      ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint

☐ Probation Violation Petition          ☒ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

Date:     February 27, 2026

                                                                                    *By: Deputy Clerk*

Address:  101 W. Lombard Street                 Catherine M. Stavlas, Clerk
              Baltimore, Md. 21201                    *Name and Title of Issuing Officer*

| Return | |
|---|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ | |
| at *(city and state)* _____ . | |
| Date: _____ | *Arresting officer's signature* |
| | *Printed name and title* |

AO 442 (Rev. 01/09, MD 6/09) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:    Earl Melton 05764-510

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:                                          Weight:

Sex:                                             Race:

Hair:                                            Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

| PROB 22<br>(Rev. 01/24) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 0979 3:22CR00187-001-MO |
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Earl Melton | OREGON | Portland |
| | NAME OF SENTENCING JUDGE | |
| | The Honorable Michael W. Mosman | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>7/5/2024 | TO<br>7/4/2029 |

OFFENSE

18 U.S.C. § 1349 - Conspiracy to Commit Bank Fraud

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision)

Mr. Melton released on July 5, 2024 to the District of Maryland. He does not wish return to the District of Oregon for the remainer of his supervised release.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ District of Maryland _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____8/2/2024_____
Date

*Michael W. Mosman*
Senior United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT _____ DISTRICT OF _____ MARYLAND

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____8/5/2024_____
*Effective Date*

_____
United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA

v.

EARL MELTON,
PATRICK JERMAINE LAW,
EZEKIEL CHRISTIE,
OLIVER EDWARDS, and
KEITH SMITH,

      Defendants.

3:22-cr-187-MO

INDICTMENT

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1028A

UNDER SEAL

THE GRAND JURY CHARGES:

COUNT 1
(Conspiracy to Commit Bank Fraud)
(18 U.S.C. § 1349)

1.    At all times relevant to this indictment, Solarity Credit Union, Idaho Central

Credit Union, O Bee Credit Union, TwinStar Credit Union, and Columbia Bank are "financial

institutions" as defined in 18 U.S.C. § 20.

2.    Beginning on or about December 13, 2021, and continuing at least until on or

about January, 2 2022, within the District of Oregon and elsewhere, defendants **EARL**

**MELTON aka "Flo," PATRICK JERMAINE LAW aka "Joe," EZEKIEL CHRISTIE aka**

**"Bucket" or "Pail," OLIVER EDWARDS aka "Big O," and KEITH SMITH aka "Dolo,"**

along with others, known and unknown to the grand jury, did knowingly combine, conspire,

**Indictment**                                       **Page 1**

confederate, and agree with each other to commit Bank Fraud, to wit, they agreed to knowingly execute and attempt to execute a material scheme and artifice to defraud financial institutions as to obtain money, funds, or other property owned or under the control of the named financial institutions by means of materially false or fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1344(1) and (2).

### MANNER AND MEANS AND SCHEME TO DEFRAUD

3.  Defendants and their co-conspirators used the following manner and means to carry out the conspiracy and scheme to defraud:

4.  It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators arranged interstate travel for themselves and others to engage in acts in furtherance of the conspiracy and scheme to defraud.

5.  It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators broke into vehicles parked in various establishments including gyms, dog parks, and health clinics, for the purpose of stealing personal identifying information (such as driver's licenses), financial information (such as bank account information or checkbooks), and other valuables.

6.  It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators recruited individuals to impersonate victims of the stolen identification information.

7.  It was part of the conspiracy and scheme that defendants and their co-conspirators would rent cars to carry out the conspiracy and scheme.

8.  It was part of the conspiracy and scheme to defraud that defendants and their co-conspirators traveled to banks and credit unions using the rental cars where they attempted to,

**Indictment**                                                    **Page 2**

and did, impersonate victims (using personal identification) who had accounts at the banks and credit unions and attempted to, and did, cash stolen checks belonging to victims.

9. It was part of the conspiracy and scheme that leaders in the conspiracy would use a co-conspirator to be an impersonator who would disguise herself as a victim to use that victim's identification when withdrawing funds. The impersonator would wear makeup or clothing like the relevant victim to better impersonate that victim. The leading co-conspirators exercised significant control over the impersonator, even restricting who the impersonator could or could not communicate with during the course of the conspiracy and scheme.

10. It was part of the conspiracy and scheme that defendants and their co-conspirators were in constant communication with each other to advance the conspiracy and scheme, either by phone call or through text messaging.

11. It was part of the conspiracy and scheme that defendants and their co-conspirators would conduct countersurveillance on law enforcement, including by monitoring police scanners, and would also actively seek to conceal the conspiracy and scheme from law enforcement, such as by replacing license plates on rental vehicles with stolen license plates, or by traveling in car convoys to block the license plates of the car that would be used to drive through a bank or credit union drive-through lane.

12. The following adult victims were victimized by the conspiracy and scheme to defraud:

a. Victim 1: On December 16, 2021, Victim 1's purse - containing her driver's license, debit cards, and credit cards – was stolen out of her vehicle while parked at a gym in Coeur d'Alene, Idaho.

**Indictment**                                                                 **Page 3**

b.      Victim 2: On December 18, 2021, Victim 2's purse - containing her driver's license, debit cards, and credit cards - was stolen out of her vehicle while parked at a dog park in Yakima, Washington.

c.      Victim 3: On December 20, 2021, Victim 3's purse - containing her driver's license, checkbook, credit card, and debit cards - was stolen out of her vehicle while parked at a vision clinic in Lacey, Washington.

d.      Victim 4: On December 20, 2021, Victim 4's purse - containing her driver's license, credit cards, checkbook, and approximately $400 in cash - was stolen out of her vehicle while parked at a veterinary hospital in Olympia, Washington.

e.      Victim 5: On December 22, 2021, Victim 5's rear license plate was stolen from his vehicle while parked in Kennewick, Washington.

f.      Victim 6: On December 29, 2021, Victim 6's purse - containing her driver's license, social security card, debit cards, credit cards, and approximately $200 in cash - was stolen at an elementary school in Lincoln City, Oregon.

g.      Victim 7: On December 29, 2021, Victim 7's wallet - containing her driver's license, social security card, credit card, and checkbook - was stolen at a yoga center in Newport, Oregon.

13.     The following financial institutions were targeted by the conspiracy and scheme to defraud, resulting a total loss of $119,286 (actual loss of $110,720 and attempted loss of $8,566):

a.      Columbia Bank (Oregon): $6,975 Actual Loss and $8,566 Attempted Loss

b.      Solarity Credit Union (Washington): $17,615 Actual Loss

c.      Idaho Central Credit Union (Idaho): $62,770 Actual Loss

**Indictment**                                                                                   **Page 4**

     d.    O Bee Credit Union (Washington): $3,865 Actual Loss

     e.    TwinStar Credit Union (Washington): $19,488 Actual Loss

All in violation of 18 U.S.C. § 1349.

**COUNTS 2-5**
**(Bank Fraud)**
**(18 U.S.C. § 1344)**

14.    All prior paragraphs of this Indictment are incorporated herein.

15.    On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, defendant **PATRICK JERMAINE LAW**, knowingly and with the intent to deceive and obtain property and money, attempted to execute, did execute, and aided and abated the execution of a material scheme and artifice to defraud financial institutions as to obtain money, funds, or property owned or under the control of the named financial institutions by means of materially false or fraudulent pretenses, representations, or promises, to wit, defendant impersonated customers of financial institutions in order to convert stolen checks from victims' accounts at other institutions to cash, as more specifically set forth below in each count:

| Count | Date | Amount | Financial Institution | Description of Execution |
|-------|------|--------|----------------------|--------------------------|
| 2 | 12/31/21 | 3,875.00 | Columbia Bank account of Victim 7 | Cashing check from Victim 7 using Victim 6's Identification |
| 3 | 12/31/21 | $3,100.00 | Columbia Bank account of Victim 4 | Cashing check from Victim 4 using Victim 6's Identification |
| 4 | 12/31/21 | $4,283.00 | Columbia Bank account of Victim 4 | Cashing Check from Victim 4 using Victim 6's Identification |
| 5 | 12/31/21 | $4,283.00 | Columbia Bank account of Victim 4 | Cashing Check from Victim 4 using Victim 6's Identification |

All in violation of 18 U.S.C. § 1344.

**Indictment**                              **Page 5**

**COUNTS 6–8**
**(Aggravated Identity Theft)**
**(18 U.S.C. § 1028A)**

16.     All prior paragraphs of the Indictment are incorporated herein.

17.     On or about the dates set forth below, in the District of Oregon and elsewhere, defendant **PATRICK JERMAINE LAW** did knowingly transfer, possess, and use, and aided and abetted the same, without lawful authority, a means of identification of another, knowing that the means of identification belonged to a real person, during and in relation to felony violations of Bank Fraud (in violation of 18 U.S.C. § 1344(1) and (2)) and Conspiracy to Commit Bank Fraud (in violation of 18 U.S.C. § 1349).

| Count | Date Transfer/Possessed/ Used | Identification | Offense |
|-------|-------------------------------|----------------|---------|
| 6 | 12/31/21 | Victim 6 | Conspiracy to Commit Bank Fraud (Count 1) Bank Fraud (Counts 2–5) |
| 7 | 12/31/21 | Victim 7 | Conspiracy to Commit Bank Fraud (Count 1) Bank Fraud (Count 2) |
| 8 | 12/31/21 | Victim 4 | Conspiracy to Commit Bank Fraud (Count 1) Bank Fraud (Count 3–5) |

All in violation of 18 U.S.C. § 1028A.

**FORFEITURE ALLEGATION**

18.     Upon conviction of the offenses alleged in Counts 1-5 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2) any property constituting, or derived from, proceeds defendant obtained directly or indirectly as the result of the violation(s), including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from the offense(s).

19.     If the above-described forfeitable property, as a result of any act or omission of defendant:

**Indictment**                                                                                    **Page 6**

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: May 19 , 2022

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney

SIDDHARTH DADHICH, TSB # 24096310
Assistant United States Attorney

**Indictment**

**Page 7**

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| Plaintiff, | |
| **v.** | **Case No.:  3:22-CR-00187-MO-1** |
| | **USM Number: 05764-510** |
| **EARL MELTON** | |
| Defendant. | Tyl W. Bakker, <br> Defendant's Attorney |
| **Date of Original Judgment: October 23, 2023** | Andrew T. Ho, <br> Assistant U.S. Attorney |
| *(or date of last amended judgment)* | |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 of the Indictment.

The defendant is adjudicated guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:1349 Conspiracy to Commit Bank Fraud | Beginning on or about December 13, 2021, and continuing at least until on or about January 2, 2022. | 1 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) and is discharged as to such count(s).

☐ Count(s) are dismissed on the motion of the United States.

☒ The defendant shall pay a special assessment in the amount of $100 for Count(s) 1 payable to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties Sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 23, 2023
Date of Imposition of Sentence

*Michael W. Mosman*
Signature of Judicial Officer

Michael W. Mosman, Senior U.S. District Judge
Name and Title of Judicial Officer

June  27, 2024
Date

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
           Sheet 2 - Imprisonment

DEFENDANT: EARL MELTON                                                    Judgment-Page **2** of **10**
CASE NUMBER: 3:22-CR-00187-MO-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **6 months**.

☒ The court makes the following recommendations to the Bureau of Prisons:

1. The defendant should be designated to a BOP near his current home in Maryland to be close to family.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the custody of the United States Marshal for this district:

    ☐ at _____ on _____.

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2:00 P.M. on January 10, 2024.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

> The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

AO 245B     Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
             Sheet 3 - Supervised Release

DEFENDANT:  EARL MELTON                                                    Judgment–Page **3** of **10**
CASE NUMBER: 3:22-CR-00187-MO-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>**5 years**</u>.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4.  ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7.  ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: EARL MELTON                                                                                     Judgment-Page 4 of 10
CASE NUMBER: 3:22-CR-00187-MO-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B     Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
            Sheet 3D - Supervised Release

DEFENDANT: EARL MELTON                                              Judgment-Page **5** of **10**
CASE NUMBER: 3:22-CR-00187-MO-1

# SPECIAL CONDITIONS OF SUPERVISION

1.  You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2.  You must not communicate, or otherwise interact, with the individual victims of the instant offense identified in the presentence report (AW, HW, WS, JL, AB, BH, and AK), either directly or through someone else, without first obtaining the permission of the probation officer.

3.  You must not obtain or possess any driver's license, social security number, birth certificate, passport, or any other form of identification in any other name other than your true legal name, without the prior written approval of the probation officer.

4.  You must participate in a substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods.

5.  You must submit to substance abuse testing to determine if you have used a prohibited substance. Such testing may include up to twelve (12) urinalysis tests per month. You must not attempt to obstruct or tamper with the testing methods.

6.  You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

7.  You must not go to, or remain at any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer. Except as authorized by court order, you must not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, you must not enter any location where marijuana or marijuana derivatives are dispensed, sold, packaged, or manufactured.

8.  You must obtain one primary care physician and one mental health provider, who will prescribe your medications. You must provide documentation of changes in medication and sign a release of information form to allow the exchange of information between the medication prescribers and the probation officer.

9.  You must utilize one pharmacy to fill prescription medications and sign a release of information form to allow the exchange of information between the pharmacy and the probation officer.

10. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or

DEFENDANT: EARL MELTON                                                                 Judgment-Page **6** of **10**
CASE NUMBER: 3:22-CR-00187-MO-1

inpatient treatment pursuant to this condition. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

11.   You must take all mental health medications that are prescribed by your treating physician.

12.   If the judgment imposes a financial penalty, including any fine or restitution, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court of any changes in economic circumstances that might affect your ability to pay this financial penalty.

13.   You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

14.   You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

15.   You must not make application for any loan, or enter into any residential or business lease agreement, without the prior approval of the probation officer.

AO 245B   Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
          Sheet 5 - Criminal Monetary Penalties

DEFENDANT: EARL MELTON                                                    Judgment-Page **7** of **10**
CASE NUMBER: 3:22-CR-00187-MO-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

| | Assessment (as noted on Sheet 1) | Restitution | Fine | AVAA Assessment[1] | JVTA Assessment[2] | TOTAL |
|---|---|---|---|---|---|---|
| **TOTALS** | $100 | $120,137.00 | $0 | $0 | $0 | $120,237.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss[3] | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Columbia Bank<br>Attn: Fraud Investigations<br>5210 74th Street West<br>Lakewood, WA 98499 | | $6,975.00 | |
| Solitary Credit Union<br>Attn: Fraud Investigations<br>P.O. Box 2922<br>Yakima, WA 98907 | | $17,615.00 | |
| Idaho Central Credit Union<br>Attn: Fraud Investigations<br>P.O. Box 2469<br>Pocatello, ID 83206 | | $62,770.00 | |
| 0 Bee Credit Union<br>Attn: Fraud Investigations<br>P.O. Box 5000<br>Lacey, WA 98509 | | $3,865.00 | |
| TwinStar Credit Union<br>Attention Fraud Investigations<br>P.O. Box 718<br>Olympia, WA 98507 | | $19,488.00 | |
| Victim 1<br>**See sealed list of victim names and addresses for victims 1-8** | | $1,725.00 | |

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[3] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B      Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
         Sheet 5 - Criminal Monetary Penalties

DEFENDANT: EARL MELTON
CASE NUMBER: 3:22-CR-00187-MO-1                                    Judgment-Page **8** of **10**

| | | |
|---|---|---|
| Victim 2 | | $481.00 |
| Victim 3 | | $500.00 |
| Victim 4 | | $840.00 |
| Victim 5 | | $1,400.00 |
| Victim 6 | | $750.00 |
| Victim 7 | | $1,000.00 |
| Victim 8 | | $595.00 |
| iTrip Vacations 6655 SW Hampton Street #120 Tigard, OR 97223 | | $2,133.00 |
| **TOTALS** | $ 0.00 | $120,137.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that

     ☒ The interest is waived for the ☐ fine and/or ☒ restitution.

     ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

> Any payment shall be divided proportionately among the payees named unless otherwise specified.

DEFENDANT: EARL MELTON                                            Judgment-Page **9** of **10**
CASE NUMBER: 3:22-CR-00187-MO-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment[4] of the total criminal monetary penalties shall be as follows:

     **A.**    ☐Lump sum payment of $_____ due immediately, balance due
                ☐not later than _____, or
                ☐in accordance with ☐ C, ☐ D, or ☐ E below; or
     **B.**    ☒Payment to begin immediately (may be combined with ☒ C, ☐ D, or ☐ E below); or
     **C.**    ☒If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $100, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately upon release from imprisonment.
     **D.**    ☐ Any balance at the imposition of this sentence shall be paid in monthly installments of not less than $_____, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately.
     **E.**    ☐Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program. . If the defendant received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed, pursuant to 18 USC § 3664(n).

Nothing ordered herein shall affect the government's ability to collect up to the total amount of criminal monetary penalties imposed, pursuant to any existing collection authority.

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

                     **Clerk of Court**
                     **U.S. District Court - Oregon**
                     **1000 S.W. 3rd Ave., Ste. 740**
                     **Portland, OR 97204**
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ **Joint and Several**

| **Case Number**<br>**Defendant and Co-Defendant Names**<br>(including Defendant number) | **Total Amount** | **Joint and Several Amount** | **Corresponding Payee, if appropriate** |
|---|---|---|---|
| Earl Melton- 3:22CR187-l-MO | $120,137 | $120,137 | See attached restitution list |
| Patrick Jermain Law- 3:22CR187-2-MO | $120,137 | $120,137 | See attached restitution list |
| Ezekiel Christie- 3:22CR187-3-MO | $120,137 | $120,137 | See attached restitution list |
| Oliver Edwards- 3:22CR187-4-MO | $31,923 | $31,923 | See attached restitution list |

---

[4] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 10/2019)
           Sheet 6 - Schedule of Payments

DEFENDANT: EARL MELTON                                          Judgment-Page **10** of **10**
CASE NUMBER: 3:22-CR-00187-MO-1

| | | | |
|---|---|---|---|
| Keith Alonzo Smith- 3:22CR187-5-MO | $120,137 | $120,137 | See attached restitution list |
| Heather Marth- 3:22CR107-SI | $121,319 | $120,137 | See attached restitution list |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

# U.S. District Court
## District of Oregon (Portland (3))
## CRIMINAL DOCKET FOR CASE #: <u>3:22–cr–00187–MO</u>–1

Case title: USA v. Melton, et al

Date Filed: 05/19/2022

Date Terminated: 10/24/2023

Assigned to: Judge Michael W. Mosman

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Earl Melton**<br>05764–510<br>*TERMINATED: 10/24/2023* | represented by | **Tyl W. Bakker**<br>Tyl W. Bakker, LLC<br>621 SW Alder Street<br>Suite 621<br>Portland, OR 97205<br>503–721–0140<br>Fax: 503–220–1913<br>Email: tylbakker@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18:1349 Conspiracy to Commit Bank Fraud<br>(1) | JUDGMENT AMENDED ON 6/27/2024; SENTENCING DATE: 10/23/2023; IMPRISONMENT: Six (6) months; SUPERVISED RELEASE: Five (5) years; SPECIAL ASSESSMENT: $100.00; RESTITUTION: $120,137.00 |

**<u>Highest Offense Level (Opening)</u>**

Felony

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

**<u>Highest Offense Level (Terminated)</u>**

None

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|

None

**Plaintiff**

**USA**                                   represented by   **Andrew T. Ho**
                                                           U.S. Attorney's Office, District of Oregon
                                                           1000 SW Third Ave
                                                           Suite 600
                                                           Portland, OR 97204
                                                           503−727−1054
                                                           Fax: 503−789−4856
                                                           Email: Andrew.Ho@usdoj.gov
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Designation: Retained*

                                                           **Siddharth Dadhich**
                                                           DOJ−USAO
                                                           1000 SW Third Ave
                                                           Suite 600
                                                           Portland, OR 97204
                                                           503−471−5565
                                                           Email: siddharth.dadhich@usdoj.gov
                                                           *TERMINATED: 08/11/2023*
                                                           *Designation: Retained*

Email All Attorneys

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/19/2022 | 1 | | Sealed Indictment as to<br>Earl Melton (1) count: 1<br>Patrick Jermaine Law (2) count(s): 1, 2−5, 6−8<br>Ezekiel Christie (3) count: 1<br>Oliver Edwards (4) count: 1<br>Keith Alonzo Smith (5) count: 1<br>**1: Conspiracy to Commit Bank Fraud**<br>**2−5: Bank Fraud**<br>**6−8: Aggravated Identity Theft**<br>(Forfeiture Allegation.) (ecp) (Entered: 05/20/2022) |
| 05/19/2022 | 2 | | Indictment  Unredacted Version Filed Under Seal as to Defendant Earl Melton, Patrick Jermaine Law, Ezekiel Christie, Oliver Edwards, Keith Alonzo Smith. (ecp) (Entered: 05/20/2022) |
| 05/19/2022 | 3 | | Defendant Information Relative to a Criminal Case Sheet as to Defendant Earl Melton. (In accordance with Fed. R. Crim. P. 49.1 this form document containing personal data identifiers is filed under seal). (ecp) (Entered: 05/20/2022) |
| 05/19/2022 | 8 | | Notice of Case Assignment to Judge Michael W. Mosman. (ecp) (Entered: 05/20/2022) |

| 06/30/2022 | 16 | | CJA 20: Order Appointing Counsel as to Earl Melton. Appointment of Attorney Tyl W. Bakker for Earl Melton. Signed on 6/30/2022 by Judge Michael W. Mosman. (ecp) (Entered: 06/30/2022) |
|---|---|---|---|
| 06/30/2022 | 17 | | **Order as to Earl Melton (USM #05764–510):** At the court's instance, the 6/30/2022 initial appearance and arraignment are RESET for 7/1/2022 at 01:30PM in Portland by videoconference before the duty magistrate judge. Ordered by Magistrate Judge Jeffrey Armistead. (pjg) (Entered: 06/30/2022) |
| 07/01/2022 | 18 | | **Minutes of Proceedings:** First Appearance and Arraignment held by videoconference/teleconference before Magistrate Judge John V. Acosta as to Defendant Earl Melton (USM #05764–510) on 7/1/2022. Defendant waives his right to appear in person and consents to appear by telephone from Maryland. Arraignment held for Defendant Earl Melton (1) on Count 1. Defendant advised of rights and waived reading of the Indictment. Not guilty plea and denial of the forfeiture allegation entered. Order that Discovery is due in 14 days. Brady Disclosure Order: Pursuant to the Due Process Protections Act, the government is advised of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. See attached order. The Government does not seek detention at this time and Defendant is continued on release. **ORDER:** Defendant shall continue to comply with the pretrial release conditions set when he made his first appearance in Rule 5 proceedings in the District of Maryland, where he is on supervision. 5–day Jury Trial is set for 8/30/2022 at 09:00 AM in Portland Courtroom 16 before Judge Michael W. Mosman. Counsel Present for the Government: Siddharth Dadhich. Counsel Present for Defendant: Tyl W. Bakker (by telephone). (Court Reporter Kellie Humiston) (gw) (Entered: 07/01/2022) |
| 07/01/2022 | 19 | | Clerk's Notice via e–mail to counsel of record and Pretrial Services of Minutes of Proceedings 18 . (gw) (Entered: 07/01/2022) |
| 07/01/2022 | 20 | | **Order Setting Conditions of Release** as to Defendant Earl Melton. Signed on 7/5/2022 by Magistrate Judge John V. Acosta. (chso). (Entered: 07/05/2022) |
| 07/11/2022 | 21 | | Unopposed Motion for Protective Order filed by USA as to Defendant Earl Melton, Patrick Jermaine Law, Ezekiel Christie, Oliver Edwards, Keith Alonzo Smith. (ecp) (Main Document 21 replaced on 7/11/2022, to replace PDF with certified seal) (cw). (Entered: 07/11/2022) |
| 07/21/2022 | 23 | | **PROTECTIVE ORDER** Granting 21 Motion for Protective Order as to Earl Melton (1), Patrick Jermaine Law (2), Ezekiel Christie (3), Oliver Edwards (4), Keith Alonzo Smith (5). Signed on 7/21/22 by Judge Michael W. Mosman. (sb) (Entered: 07/21/2022) |
| 07/21/2022 | 24 | | Motion to Unseal Case. Filed by USA as to Defendant Earl Melton, Patrick Jermaine Law, Ezekiel Christie, Oliver Edwards, Keith Alonzo Smith. (sb) (Entered: 07/21/2022) |
| 07/21/2022 | 25 | | **ORDER UNSEALING CASE:** Granting 24 Motion to Unseal Case as to Earl Melton (1), Patrick Jermaine Law (2), Ezekiel Christie (3), Oliver Edwards (4), Keith Alonzo Smith (5). Signed on 7/21/22 by Magistrate Judge John Jelderks. (sb) (Entered: 07/21/2022) |
| 07/26/2022 | 26 | | **Criminal Trial Management Order and Supplemental Jury Trial Management Order Regarding the JERS System** as to Earl Melton. Signed |

| | | |
|---|---|---|
| | | on 7/26/2022 by Judge Michael W. Mosman. (kms) (Entered: 07/26/2022) |
| 08/03/2022 | 29 | Motion to Continue / Reset by Defendant Earl Melton. (Bakker, Tyl) (Entered: 08/03/2022) |
| 08/03/2022 | 30 | Declaration regarding Motion to Continue / Reset 29 filed by Defendant Earl Melton (Bakker, Tyl) (Entered: 08/03/2022) |
| 08/05/2022 | 34 | **ORDER** Granting 29 Motion to Continue Trial/ Reset as to Earl Melton (1) (USM #05764–510). 5 Day Jury Trial set for 8/30/2022 is continued to 11/28/2022 at 09:00AM in Portland Courtroom 16 before Judge Michael W. Mosman. Excludable delay is granted until 8/9/2022. 18 USC 3161(h)(7)(A). The Court finds the ends of justice outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant the requested continuance is likely to result in a miscarriage of justice (18 USC 3161(h) (7)(B)(i)) and likely would deny defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (18 USC 3161(h) (7)(B)(iv)). Ordered by Judge Michael W. Mosman. (kms) (Entered: 08/05/2022) |
| 11/09/2022 | 63 | Motion to Continue / Reset by Defendant Earl Melton. (Bakker, Tyl) (Entered: 11/09/2022) |
| 11/09/2022 | 64 | Declaration regarding Motion to Continue / Reset 63 filed by Defendant Earl Melton (Bakker, Tyl) (Entered: 11/09/2022) |
| 11/15/2022 | 71 | **ORDER** Granting 63 Motion to Continue / Reset Trial as to Earl Melton (1) (USM #05764–510); Granting 61 Motion to Continue / Reset Trial as to Patrick Jermaine Law (2); Granting 67 Motion to Continue / Reset Trial as to Ezekiel Christie (3); Granting 65 Motion to Continue / Reset Trial as to Oliver Edwards (4); Granting 69 Motion to Continue / Reset as to Keith Alonzo Smith Trial (5) (USM #04228–510). The 5–Day Jury Trial set for 11/28/2022 at 09:00 AM is continued to 2/28/2023 at 09:00AM in Portland Courtroom 16 before Judge Michael W. Mosman. Excludable delay is granted until 2/28/2023. 18 USC 3161(h)(7)(A). The Court finds the ends of justice outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant the requested continuance is likely to result in a miscarriage of justice (18 USC 3161(h) (7)(B)(i)) and likely would deny defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (18 USC 3161(h) (7)(B)(iv)). Ordered by Judge Michael W. Mosman. (joha) (Entered: 11/15/2022) |
| 01/10/2023 | 79 | **Minutes of Proceedings:** Pretrial Release Violation Hearing held on 1/10/2023 before Magistrate Judge Jeffrey Armistead as to Earl Melton (USM #05764–510). Defendant waived an in–person appearance and consented to appear by telephone. Defendant admits to violation and is admonished. ORDER – Defendant shall remain released on conditions. Counsel Present for Government: Siddharth Dadhich. Counsel Present for Defendant: Tyl Bakker. (Court Reporter: Bonita Shumway) (pjg) (Entered: 01/10/2023) |
| 02/01/2023 | 83 | Motion to Continue / Reset by Defendant Earl Melton. (Bakker, Tyl) (Entered: 02/01/2023) |
| 02/01/2023 | 84 | Declaration regarding Motion to Continue / Reset 83 filed by Defendant Earl Melton (Bakker, Tyl) (Entered: 02/01/2023) |

| 02/21/2023 | 95 | | **ORDER** Granting 83 Motion to Continue Trial/ Reset as to Earl Melton (1) (USM #05764−510); Granting 93 Motion to Continue Trial/ Reset as to Patrick Jermaine Law (2); Granting 85 Motion to Continue Trial/ Reset as to Oliver Edwards (4). **The 5−Day Jury Trial set for 2/28/2023 is continued to 5/30/2023 at 09:00AM in Portland Courtroom 16 before Judge Michael W. Mosman.** Excludable delay is granted until 5/30/2023. 18 USC 3161(h)(7)(A). The Court finds the ends of justice outweigh the best interests of the public and the defendant because the failure to grant the requested continuance is likely to result in a miscarriage of justice (18 USC 3161(h) (7)(B)(i)) and likely would deny defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (18 USC 3161(h) (7)(B)(iv)). Ordered by Judge Michael W. Mosman. (kms) (Entered: 02/21/2023) |
| 02/28/2023 | 100 | | Scheduling Order as to Earl Melton(USM#: 05764−510). At the parties request, a **Change of Plea Hearing is set for 3/24/2023 at 09:00AM in Portland Courtroom 16 before Judge Michael W. Mosman.** Defendant may appear by video. The 5−Day Jury Trial set for 5/30/2023 is stricken as to this defendant only. Ordered by Judge Michael W. Mosman. (kms) (Entered: 02/28/2023) |
| 03/24/2023 | 103 | | **Minutes of Proceedings:** Change of Plea Hearing held before Judge Michael W. Mosman for Defendant Earl Melton. (USM #05764−510). Defendant sworn and examined. Defendant advised of rights. Plea Petition and Plea Agreement signed and accepted by the Court. Court finds defendant capable and competent to enter plea. Guilty plea entered to Count 1 of the Indictment. Court finds guilty plea to be knowing and voluntary. ORDER Presentence Report to be prepared by U.S. Probation. **Sentencing is set for 6/14/2023 at 11:00AM in Portland Courtroom 16 before Judge Michael W. Mosman.** Sentencing materials are due no later than 6/7/2023. If the sentencing materials are not received on time or the Court is not advised that none will be filed, the sentencing may be rescheduled. Counsel Present for Government: Siddharth Dadhich. Counsel Present for Defendant: Tyl Bakker. (USPO Present: Kevin McGlothen) (Court Reporter Bonita Shumway) (kms) (Entered: 03/24/2023) |
| 03/24/2023 | 104 | | Plea Agreement as to Earl Melton. (kms) (Entered: 03/24/2023) |
| 03/24/2023 | 105 | | Plea Petition and Order Entering Plea as to Defendant Earl Melton. Signed on 3/24/2023 by Judge Michael W. Mosman. (kms) (Entered: 03/24/2023) |
| 03/27/2023 | 108 | | Arrest Warrant Returned Executed on 7/1/22 as to Earl Melton. (sb) (Entered: 03/29/2023) |
| 04/10/2023 | 116 | | Restitution List as to Keith Alonzo Smith (**NOTE: This document is filed under seal and access is restricted to counsel of record**). (ecp) Modified on 4/14/2023 to correct defendant(ecp). (Entered: 04/11/2023) |
| 05/02/2023 | 118 | | Motion to Continue / Reset by Defendant Earl Melton. (Bakker, Tyl) (Entered: 05/02/2023) |
| 05/02/2023 | 119 | | Declaration regarding Motion to Continue / Reset 118 filed by Defendant Earl Melton (Bakker, Tyl) (Entered: 05/02/2023) |
| 05/03/2023 | 120 | | Motion to Continue / Reset by Defendant Earl Melton. (Bakker, Tyl) (Entered: 05/03/2023) |

| 05/03/2023 | 121 | | Declaration regarding Motion to Continue / Reset 120 filed by Defendant Earl Melton (Bakker, Tyl) (Entered: 05/03/2023) |
|---|---|---|---|
| 05/05/2023 | 122 | | **ORDER** Granting 120 Motion to Continue Sentencing/ Reset as to Earl Melton (1) (USM #05764–510). **Sentencing set for 6/14/2023 at 11:00AM is continued to 8/15/2023 at 10:30AM in Portland Courtroom 16 before Judge Michael W. Mosman.** Sentencing materials are due no later than 8/9/2023. If the sentencing materials are not received on time or the Court is not advised that none will be filed, the sentencing may be rescheduled. 118 Motion to Continue / Reset as to Earl Melton (1) is denied as moot. Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/05/2023) |
| 06/26/2023 | 139 | | **Minutes of Proceedings: Initial Appearance and Pretrial Revocation Hearing** held before Judge Michael W. Mosman as to Earl Melton(USM #05764–510). Defendant admits to the violation. Court continues defendant on previous pretrial release. The same conditions apply pending sentencing. Sentencing hearing remains set for 8/15/2023 at 10:30AM in courtroom 16. Counsel Present for Government: Siddharth Dadhich. Counsel Present for Defendant: Tyl Bakker. (Court Reporter Bonita Shumway) (kms) (Entered: 06/26/2023) |
| 07/18/2023 | 140 | | Motion to Continue / Reset by Defendant Earl Melton. (Bakker, Tyl) (Entered: 07/18/2023) |
| 07/18/2023 | 141 | | Declaration regarding Motion to Continue / Reset 140 filed by Defendant Earl Melton (Bakker, Tyl) (Entered: 07/18/2023) |
| 07/20/2023 | 142 | | **ORDER** Granting 140 Motion to Continue Sentencing/ Reset as to Earl Melton (1)(USM #05764–510). **Sentencing set for 8/15/2023 at 10:30AM is continued to 10/10/2023 at 11:30AM in Portland Courtroom 16 before Judge Michael W. Mosman.** Sentencing materials are due no later than 10/4/2023. If the sentencing materials are not received on time or the Court is not advised that none will be filed, the sentencing may be rescheduled Ordered by Judge Michael W. Mosman. (kms) (Entered: 07/20/2023) |
| 08/11/2023 | 143 | | Notice of Attorney Substitution: Attorney Andrew T. Ho added for Plaintiff USA regarding Defendant Earl Melton, Patrick Jermaine Law, Ezekiel Christie, Oliver Edwards, Keith Alonzo Smith in place and stead of Attorney Siddharth Dadhich. (Ho, Andrew) (Entered: 08/11/2023) |
| 09/11/2023 | 152 | | Scheduling Order as to Earl Melton(USM #05764–510). Due to a scheduling conflict, the **Sentencing set for 10/10/2023 at 11:30AM is continued to 10/23/2023 at 11:00AM in Portland Courtroom 16 before Judge Michael W. Mosman.** Sentencing materials are due no later than 10/18/2023. If the sentencing materials are not received on time or the Court is not advised that none will be filed, the sentencing may be rescheduled. Ordered by Judge Michael W. Mosman. (kms) (Entered: 09/11/2023) |
| 09/11/2023 | 153 | | Motion Defendant's Motion for Travel by USMS filed by Earl Melton as to Defendant Earl Melton. (Attachments: # 1 Proposed Order) (Bakker, Tyl) (Entered: 09/11/2023) |
| 09/11/2023 | 154 | | Declaration regarding Motion Defendant's Motion for Travel by USMS 153 filed by Earl Melton (Bakker, Tyl) (Entered: 09/11/2023) |
| 09/12/2023 | 155 | | |

| | | | |
|---|---|---|---|
| | | | **ORDER** Granting <u>153</u> Motion as to Earl Melton (1) Signed on 9/12/2023 by Judge Michael W. Mosman. (kms) (Entered: 09/12/2023) |
| 10/18/2023 | <u>157</u> | | Sentencing Memorandum filed by USA as to Earl Melton (Ho, Andrew) (Entered: 10/18/2023) |
| 10/23/2023 | 159 | | **Minutes of Proceedings:** Sentencing Hearing held before Judge Michael W. Mosman as to Defendant Earl Melton (USM #05764−510). Defendant ordered to pay special assessment in the amount of $100. See Formal Judgment. Defendant advised of right to appeal. Defendant to self surrender to the BOP on January 10, 2024 before 2:00pm. Counsel Present for Government: Andrew Ho. Counsel Present for Defendant: Tyl Bakker. (Court Reporter Jill Jessup) (kms) (Entered: 10/23/2023) |
| 10/24/2023 | <u>160</u> | | **Judgment & Commitment** as to Earl Melton (1) (USM #05764−510). Count 1: SENTENCING DATE: 10/23/2023; IMPRISONMENT: Six (6) months; SUPERVISED RELEASE: Five (5) years; SPECIAL ASSESSMENT: $100.00; RESTITUTION: $120,137.00 Signed on 10/24/2023 by Judge Michael W. Mosman. (One certified copy delivered to U.S. Marshal by e−mail on 10/24/2023.) (dino) (Entered: 10/24/2023) |
| 10/24/2023 | <u>161</u> | | Statement of Reasons as to Earl Melton <span style="color:red">(**NOTE:** This document is filed under seal and access is restricted to counsel of record)</span> (USM #05764−510). Signed on 10/24/2023 by Judge Michael W. Mosman. (dino) (Entered: 10/24/2023) |
| 10/24/2023 | <u>162</u> | | Restitution List as to Earl Melton <span style="color:red">(**NOTE:** This document is filed under seal and access is restricted to counsel of record)</span>. Related document: ECF No. <u>160</u> Judgment & Commitment. (dino) (Entered: 10/24/2023) |
| 11/20/2023 | <u>166</u> | | Sentencing Memorandum by Oliver Edwards. (Kohlmetz, Andrew) Modified on 11/21/2023 to correct docket text (dsg). (Entered: 11/20/2023) |
| 06/27/2024 | <u>198</u> | | **Amended Judgment** as to Earl Melton (1) (USM #05764−510). Count 1: JUDGMENT AMENDED ON 6/27/2024; SENTENCING DATE: 10/23/2023; IMPRISONMENT: Six (6) months; SUPERVISED RELEASE: Five (5) years; SPECIAL ASSESSMENT: $100.00; RESTITUTION: $120,137.00 Signed on 6/27/2024 by Judge Michael W. Mosman. (One certified copy delivered to U.S. Marshal by e−mail on 6/27/2024.) (dino) (Entered: 06/27/2024) |
| 06/27/2024 | <u>206</u> | | Restitution List as to Earl Melton, Ezekiel Christie, Oliver Edwards, Keith Alonzo Smith <span style="color:red">(**NOTE:** This document is filed under seal and access is restricted to counsel of record)</span>. Related documents: Amended Judgment <u>198</u> , Amended Judgment 200 , Amended Judgment 202 , Amended Judgment 204 . (dino) (Entered: 06/27/2024) |